UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BEVERLY M. M.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 2:24-cv-00367-GJL

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 13, 14, 16.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

### I.    PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits in April 2007. *See* AR 15, 121–29. Between November 2009 and

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

1  September 2021, five decisions were issued by ALJs regarding Plaintiff's applications. *See* AR
2  13–32 (November 2009 ALJ decision), AR 717–52 (June 2013), AR 759–90 (September 2016),
3  AR 432–71 (June 2019), AR 2015–53 (September 2021); *see also Beverly M. M. v. Comm'r of*
4  *Soc. Sec.*, 2022 WL 5133722 at *1–2 (W.D. Wash. Oct. 5, 2022) (describing full procedural
5  history through October 2022).

6        The first three decisions found Plaintiff not disabled between her alleged onset date
7  (December 1, 2002) and the date of the decision. *See* AR 13–32, 717–52, 759–90. The fourth
8  decision found Plaintiff not disabled between the alleged onset date and June 15, 2015 (the
9  relevant period), but found Plaintiff was disabled after that date. *See* AR 432–71. The first
10 decision, and the unfavorable portion of the fourth decision, were reversed by this Court pursuant
11 to stipulations by the parties. *See* AR 707–12, 2112–24. The second and third decisions were
12 vacated by the Appeals Council. *See* AR 753–58, 791–97.

13       The fifth decision, issued in September 2021 by ALJ Howard Prinsloo (the ALJ), was
14 limited to the question of whether Plaintiff was disabled during the relevant period, finding she
15 was not. *See* AR 2015–53. This was reversed and remanded by U.S. Magistrate Judge Richard
16 Creatura in October 2022. AR 2499–2509.

17       On remand, the ALJ held another hearing on November 28, 2023. AR 2443–59. He
18 issued a written decision on January 3, 2024, finding Plaintiff not disabled during the relevant
19 period. AR 2408–47. Plaintiff failed to file exceptions with the Appeals Council, making the
20 ALJ's decision Commissioner's final decision subject to judicial review. *See* 20 C.F.R. §§
21 404.984(a), 416.1484(a). Plaintiff filed a Complaint in this Court on March 5, 2024. Dkt. 6.
22 Defendant filed the sealed AR in this matter on May 6, 2024. Dkt. 8.

23

24

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 2

## II.  BACKGROUND

Plaintiff was born in 1966 and was 36 years old on her alleged date of disability onset of December 1, 2002. *See* AR 2412, 2431. Plaintiff has at least a high school education. AR 2431. According to the ALJ, Plaintiff suffers from, at a minimum, the following severe impairments: "spinal impairment(s), right shoulder impairment(s), pain disorder(s), depressive disorder(s), anxiety disorder(s) (including post-traumatic stress disorder), personality disorder(s), and substance use disorder." AR 2413–14. However, the ALJ found Plaintiff was not disabled because she had the following Residual Functional Capacity (RFC):

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: no more than occasional pushing and/or pulling with the right upper extremity; occasional stooping, kneeling, crouching, crawling, and climbing ramps and stairs; no climbing ladders, ropes, or scaffolds or exposure to vibration or hazards; frequent handling or fingering with the right upper extremity; occasional reaching overhead with the right upper extremity; able to perform simple routine tasks.

AR 2416.

## III.  DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Plaintiff raises the following issues in her opening brief: (1) whether the ALJ failed to comply with the Rule of Mandate; (2) whether the ALJ properly evaluated Plaintiff's subjective

symptom testimony; (3) whether the ALJ properly evaluated several medical opinions; and (4) whether the ALJ properly evaluated the lay witness evidence. Dkt. 10.[1]

**A.      Rule of Mandate**

In his October 2022 decision, Judge Creatura found the ALJ failed to adequately assess Dr. Crist's medical opinion and declined to consider whether the ALJ had adequately assessed the other challenged medical opinions, Plaintiff's subjective testimony, and the lay witness testimony. *See* AR 2503–08. In declining to consider the remaining issues, Judge Creatura directed that "the ALJ must reassess all of the evidence and make another RFC determination." AR 2506–07. Plaintiff contends the ALJ failed to comply with Judge Creatura's remand order because "with the exception of providing additional analysis of Dr. Crist's opinion, the ALJ failed to reassess any of the other evidence, and his residual functional capacity assessment is identical to the one in his prior decision." Dkt. 10 at 4.

The mandate rule applies "to social security remands from federal court in the same way [it] would apply in any other case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). It requires that a lower court (or, in this context, an ALJ) abide by the directions provided by a higher court's mandate. *See United States v. Paul*, 561 F.3d 970, 973–75 (9th Cir. 2009).

The ALJ did not violate Judge Creatura's remand order by reaching the same determination with respect to much of the medical evidence and the RFC. A direction to reassess something requires only that it be assessed again, not that the new assessment be reached *de novo* or ultimately differ from the old one.[2] Reading the remand order "holistically," *Stacy*, 825

---

[1] Plaintiff also contends the ALJ's RFC assessment was erroneous because it did not include limitations supported by the evidence she contends was improperly evaluated. Dkt. 10 at 18–19. Because the Court concludes the ALJ did not err in considering that evidence, the Court rejects this argument.

[2] *See, e.g.*, Reassess, *Merriam-Webster's Collegiate Thesaurus*, merriam-webster.com/thesaurus/reassess (accessed Oct. 18, 2024) ("to think about (something) again *in order to decide whether* to change your opinion or judgment of it") (emphasis added); Reassess, *Brittanica Dictionary*, britannica.com/dictionary/reassess (accessed Oct. 18, 2024)

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

F.3d at 568, and "consider[ing] the opinion" in which it was issued, *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000) (citation omitted), confirms this conclusion. Judge Creatura found only that the ALJ erred in assessing Dr. Crist's medical opinion and did not decide whether the ALJ's analysis of the rest of the evidence was erroneous. *See* AR 2503–06. Because the ALJ found the portion of Dr. Crist's opinion he had improperly assessed unpersuasive (AR 2427), it did not go against either the letter or the spirit of the mandate to not assess most of the rest of the evidence differently. *Cf. Kellington*, 217 F.3d at 1093 ("[T]he ultimate task [in construing a remand order] is to distinguish matters that have been decided on appeal . . . from matters that have not.") (citation omitted).

B.   **Subjective Testimony**

Plaintiff testified she has had difficulties standing, walking, sitting, and lifting more than five or ten pounds throughout the relevant time period. *See* AR 52–53, 500–01, 636–40. She testified she has numbness in her leg, and pain in her back and shoulder that, in part, causes these symptoms. *See* AR 57, 59, 493, 507. She testified such pain has been persistent since an automobile accident in 200 or 2001, and that her symptoms worsened after surgery a year or two after that. *See* AR 41–42, 57.

The ALJ was required to give "specific, clear, and convincing reasons" for discounting this testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ met that standard.

The ALJ discounted Plaintiff's testimony based on her history of failing to seek treatment and treatment noncompliance. This was a valid basis on which to discount Plaintiff's testimony.

---

(same); Reassess, *Oxford Advanced Learner's Dictionary*, oxfordlearnersdictionaries.com/definition/english/reassess (accessed Oct. 18, 2024) ("to think about something *to decide if* you need to change your opinion of it") (emphasis added).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

*See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (ALJ can consider "unexplained or inadequately explained failure to . . . follow a prescribed course of treatment"); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (failing to seek treatment undermines complaints if unexplained).

As the ALJ noted, Plaintiff was discharged from physical therapy due to a failure to participate (AR 1303) despite stating physical therapy improved her back and leg pain (AR 1241). AR 2419. Even if Plaintiff continued to experience some pain while undergoing physical therapy as she contends (Dkt. 10 at 9), the ALJ reasonably found that Plaintiff would be expected to continue participating in physical therapy given her statement that it improved her symptoms. The ALJ also observed she infrequently sought care for her back pain. *See* AR 2420 (noting Plaintiff only sought treatment for spinal issues once over two-year period). She was noncompliant with required postoperative care for her right shoulder. AR 2421 (citing AR 1453–54). And she frequently failed to follow up when directed to do so by providers. *Id.* (citing AR 230, 234, 1209, 1243, 1436). Thus, the ALJ's finding that Plaintiff failed to comply with treatment was supported by substantial evidence and was a proper basis for rejecting Plaintiff's testimony supported by substantial evidence.

The ALJ also rejected Plaintiff's testimony because of several inconsistencies between her testimony and her statements to providers. For instance, the ALJ pointed out (AR 2418, 2420) that, contrary to her testimony, she told a provider in March 2005 that her neck pain had "totally resolved" until two months earlier (AR 209); she told a provider in May 2011 that her back pain had only started two months earlier (AR 1431); and she told a provider in June 2011 that her back pain had started only four days earlier (AR 1408). These inconsistent statements were a valid basis upon which to discount Plaintiff's testimony. *See Verduzco v. Apfel*, 188 F.3d

1087, 1090 (9th Cir. 1990) (finding several inconsistent statements properly considered to discount subjective testimony).

Similarly, the ALJ pointed to inconsistent statements Plaintiff made about her reasons for leaving work in 2002. AR 2418, 2424. She testified she left her position due to medical issues (AR 57) and told a provider she had an on-the-job injury (AR 354), but also testified she left for unrelated reasons (AR 40) and, in an examination, denied having either a workplace injury or debilitating symptoms while working (AR 1700). This, too, was a valid basis on which to reject the testimony. *See Bruton v. Massanari*, 268 F.3d 824 (9th Cir. 2001) (finding claimant's "state[ment] at the administrative hearing and to at least one of his doctors that he left his job because he was laid off, rather than because he was injured" to be a "sufficient reason[] for discrediting pain testimony").

The ALJ, therefore, gave specific, clear, and convincing reasons for discounting Plaintiff's testimony. The Court need not consider the ALJ's remaining reasons for discounting the testimony as any error with respect to those reasons would be harmless. *See Molina*, 674 F.3d at 1115 ("[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion.").

**C.    Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of the medical opinions of Howard Coren, MD; John Blair, MD; Robert Crist, MD; Garrett Duckworth, MD; Mike Myers, PA-C; Doug Lindahl, MD; Keith Krueger, PhD; and Darius Ghazi, MD; as well as some of the medical findings of Alexander Serra, MD, and Timothy Morford, LMP. *See* Dkt. 10.

Plaintiff filed her claim before March 27, 2017, and, therefore, the prior regulations apply to her case. *See* 20 C.F.R. § 404.1527. The ALJ must provide "clear and convincing" reasons for

rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citations omitted). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31. The ALJ can meet this burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

      1.    <u>Drs. Crist and Lindahl</u>

Treating physician Dr. Lindahl opined in May 2007 that Plaintiff was capable of sedentary work except that she would need to change positions from sitting every ten minutes. AR 1312. The ALJ rejected his opined change-positions limitation. *See* AR 2428. Similarly, examining physician Dr. Crist opined Plaintiff had several limitations which the ALJ gave significant weight to, but also opined Plaintiff would have to periodically alter between sitting and standing, which the ALJ rejected. *See* AR 360–65, 2427.

The ALJ rejected Dr. Lindahl's change-positions limitation because it was based on Plaintiff's subjective pain complaints which the ALJ found unreliable. AR 2428. The ALJ similarly rejected Dr. Crist's change-positions limitation because Dr. Crist's examination of Plaintiff revealed almost entirely normal findings, and for that reason, the ALJ found the opinion "appears to rely heavily on the claimant's subjective pain complaints." AR 2427. Plaintiff contends this was erroneous because "Dr. Crist's finding of probable right lumbar radiculopathy at the L5-S1 nerve root is not a benign finding" (Dkt. 10 at 9, citing AR 364), but that particular finding, at best, supports Plaintiff having an impairment but does not explain limitations stemming from that impairment. The ALJ properly considered the two opinions' change-

positions limitations. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("A physician's opinion of disability premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations may be disregarded where those complaints have been properly discounted.") (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)).

Plaintiff also contends the ALJ "fail[ed] to accept Dr. Crist's opinion that [Plaintiff] could do only intermittent and occasional bending, stooping, and crouching." Dkt. 14 at 17. The RFC, however, reflected this portion of the opinion by limiting Plaintiff to "occasional stooping, kneeling, [and] crouching." *See* SSR 85-15 (kneeling is "bend[ing] the legs," stooping is "bend[ing] the spine," crouching is "bend[ing] both the spine and legs"); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). The ALJ adequately assessed the opinions of Drs. Crist and Lindahl.

2. <u>Dr. Duckworth and PA Myers</u>

Examining sources Dr. Duckworth and PA Myers opined in September 2005 that Plaintiff was capable of sedentary work with additional limitations in her abilities to handle, lift, and carry. AR 203–04. PA Myers opined in January 2007 that Plaintiff was capable of sedentary work for only eleven to twenty hours per week. AR 205–06.

The ALJ "incorporated the opinions of Mr. Myers and Dr. Duckworth with the overall evidence by finding the claimant was capable of full-time sedentary work . . . with at least frequent handling and fingering." AR 2426; *see also Rounds*, 807 F.3d at 1006. He properly found the limitations he did not include—the less-than-full-time limitation of PA Myers' January 2007 opinion and the significant handling limitation in the September 2005 opinion—

inconsistent with the medical evidence. *See* AR 2426; *see Bayliss*, 427 F.3d at 1216 (discrepancy with medical evidence "is a clear and convincing reason for not relying on the doctor's opinion").

The ALJ noted multiple examinations found Plaintiff had full strength in her extremities, full range of motion, and intact grip strength. AR 2426 (citing AR 209–10, 211–12, 230–31, 233–34, 360–65, 1239, 1243). The ALJ also noted Plaintiff denied weakness from her neck pain radiating into her arms. *Id.* (citing AR 230–31). The ALJ reasonably found this evidence was inconsistent with the opined handling and hours-per-week limitations. *Morgan*, 169 F.3d at 599 ("[W]here the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). The ALJ adequately assessed these opinions.

    3.    <u>Dr. Krueger</u>

Dr. Krueger completed an opinion in April 2007 concluding Plaintiff had several moderate mental limitations. AR 224. The ALJ gave some weight to the assessment, but found further limitations were inconsistent with Plaintiff's activities (like continuing to perform childcare), statements Plaintiff made indicating her psychological complaints were well-controlled by medication, and her mostly normal mental status examinations. AR 2430. These were valid bases upon which to discount the opinion. *See Ford v. Saul*, 950 F.3d 1141, 1155–57 (9th Cir. 2020) (finding inconsistencies with activities and medical evidence, as well as improvement from treatment valid bases on which to discount opinions).

Plaintiff contends only that "the ALJ is improperly acting as his own medical expert" (Dkt. 10 at 12), but this bare allegation does not alone establish error. Some of the ALJ's reasons for discounting Dr. Krueger's opinion (such as the inconsistency with her activities) are unrelated to medical evidence. Even if this were not so, an ALJ does not err simply by

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 10

interpreting the medical evidence herself— there is "a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022).

    4.    <u>Drs. Coren and Blair</u>

In May 2003, Dr. Coren opined Plaintiff would have several limitations in his abilities over the following twelve weeks. AR 345–48. In September 2003, Dr. Blair opined Plaintiff would be unable to work for three months. AR 351. Plaintiff challenges the ALJ's assessment of the opinions of Drs. Coren, Blair, and Crist (*see* Dkt. 10 at 5–9) but has failed to establish any error in evaluating these opinions would be harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."). An error that is inconsequential to the non-disability determination is harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). Because both sources opined only short-term limitations on Plaintiff's abilities, even if the ALJ credited the opinions, the ALJ would not be required to include such limitations in the RFC. *See* SSR 23-1p ("[W]e will not include limitations in the RFC assessment that completely resolve, or that we expect to completely resolve, within 12 months."). Any error in evaluating these opinions is therefore harmless. *See Stout*, 454 F.3d at 1054.

    5.    <u>Dr. Ghazi, LMP Morford, Dr. Blair, and Remaining Issues</u>

Medical Expert Dr. Ghazi testified that, during the relevant period, Plaintiff was limited to sitting four to five hours per day, lifting up to ten pounds occasionally, and occasionally bending and stooping. AR 623. Plaintiff asserts "the ALJ [did] not state any legitimate reason for rejecting this part of Dr. Ghazi's opinion." Dkt. 10 at 12. To the contrary, the ALJ gave several

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 11

reasons for rejecting Dr. Ghazi's opinion to include highlighting the Plaintiff's "minimal pursuit of even beneficial treatment." AR 2429; *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming ALJ discounting opinion in part based on conservative treatment).

In her opening brief, Plaintiff described some of the medical findings of LMP Morford (Dkt. 10 at 5), Dr. Blair (*id.* at 7), and some other providers (*id.* at 8) but failed to make any argument contending such evidence was improperly evaluated. The Court declines to assess this evidence, as it will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle*, 533 F.3d at 1161 n.2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

Plaintiff also described Dr. Serra's interpretation of an examination (finding abnormalities at the L4-5 and L5-SI spinal segments) and argued that the ALJ's summary of that evidence (that the exam "showed continued encroachment of nerve roots at L5-SI," AR 2418) "failed to acknowledge all of Dr. Serra's significant findings." Dkt. 10 at 6. But the ALJ's analysis of Plaintiff's spinal issues—primarily finding she had failed to pursue or comply with treatment options that were effective—applies with equal force regardless of which spinal segments Plaintiff had abnormalities in. *See* AR 2418. Plaintiff has thus failed to demonstrate the omitted portions of Dr. Serra's findings was evidence the ALJ was required to address. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (ALJ need only address significant and probative evidence).

**D.    Lay Witness Evidence**

Plaintiff argues the ALJ failed to give "germane reasons" for rejecting several lay witness statements (Dkt. 10 at 17), as he was required to do. *Dodrill v. Shalala*, 12 F.3d 915, 920 (9th Cir. 1993). Plaintiff's sister wrote that Plaintiff had difficulties completing some activities of

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 12

daily living and often needed to rest due to pain. *See* AR 156–60. Her manager wrote she was in constant pain that made it difficult to stand for long periods of time and impaired her concentration. *See* AR 1130–33.

The ALJ properly found that these statements mirrored Plaintiff's testimony and discounted this lay testimony for the same reasons—including that these allegations were inconsistent with the medical evidence and Plaintiff's course of treatment. *See* AR 2425; *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.").[3]

## IV.  CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 7th day of November, 2024.

Grady J. Leupold
United States Magistrate Judge

---

[3] Plaintiff also challenges the ALJ's assessment of the statement of a DSHS intake employee (AR 170) but the ALJ was not required to address this evidence. *See Ashley S. v. Comm'r of Soc. Sec.*, 2024 WL 3091759 at *6–7 (W.D. Wash. June 21, 2024) (statements of agency personnel "'based upon brief encounters' and intended only 'to gather basic information about Plaintiff's condition, not to provide testimony about her functional limitations'" and therefore "are far removed" from the sort of lay witness statements an ALJ must consider) (quoting *Michelle M. v. Comm'r of Soc. Sec.*, 2020 WL 6074460 at *6 (W.D. Wash. Oct. 13, 2020)).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 13